# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD

| | |
|---|---|
| David Richard Walker, Jr., ) | |
| ) | Civil Action No.: 8:19-cv-00688-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sherriff Bryan J. Koon, Sherriff ) | |
| James R. Metts ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 15, 2019. (ECF No. 10.) The Report addresses Plaintiff David Richard Walker's suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case. (ECF No. 10.) For the reasons stated herein, the court **ACCEPTS** the Report, and **DISMISSES** the case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 10.) As brief background, on March 8, 2019, Plaintiff, proceeding *pro se* and in forma pauperis, filed this civil rights action alleging that Defendants denied him access to legal materials and access to supply items in violation of the First and Fourteenth Amendments to the United States Constitution. (ECF No. 1 at 4–5.) Plaintiff contends that the events giving rise to his claims occurred while he was detained in the Lexington County Detention Center, beginning in March 2013. (*Id*. at 5.) Specifically, Plaintiff alleges that he was denied access to a law library, law library contents, and supply items, such as pens, paper,

envelopes, and postage, and was therefore unable to prepare documents and petitions for litigation in state and federal courts. (*Id*. at 5–6.) Plaintiff appears to contend that the denial of access to a law library and supply items violated his right of access to the courts under the Fourteenth Amendment and his right to petition the Government under the First Amendment. (*Id*. at 6.) Plaintiff contends that the First Amendment requires a detention center to adequately accommodate a pretrial detainee with law library materials and supply items such as pens, paper, envelopes, and postage to ensure a prisoner's right of access to the courts and right to petition the Government. (*Id.*) For his injury, Plaintiff contends that the denial of the law library and supply items impaired his ability to file petitions to the Government and litigation in court, deprived Plaintiff of due process, and violated his liberty and property rights. (*Id*. at 7.) As a result, Plaintiff contends, he was unable to properly litigate various claims in court under the Eighth and Fourteenth Amendments for deliberate indifference to medical care, conditions of confinement, and others. (*Id*. at 7–8.) For his relief, Plaintiff requests that the court grant compensatory damages in the amount of $2,000 from each Defendant, punitive damages, and declaratory relief entitling Plaintiff access to the law library and supply items. (*Id*. at 8.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify,

in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on March 15, 2019. (ECF No. 10.) Objections to the Report were due by March 29, 2019. (ECF No. 10.) However, objections were due by April 3, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Defendants did not file an objection to the Report. Plaintiff's Objection was filed on May 3, 2019, which is well after the April 5, 2019 deadline. (*Compare* ECF No. 10, *with* ECF No. 16.) Given that Plaintiff's Objection is untimely, the court need not consider it for purposes of reviewing the Report. *See Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F. 2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary

of the facts and law in the instant case. (ECF No. 10.) Because Plaintiff's Objection is untimely and there are no other objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and incorporates it herein. Therefore, the court **DISMISSES** the case. Further, Plaintiff's Motion to Appoint Counsel (ECF No. 24), Plaintiff's Motion to Appoint Guardian Ad Litem (ECF No. 25) and Plaintiff's Motion for Legal Accommodations (ECF No. 30) are all **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 20, 2019
Columbia, South Carolina